## MATTER OF FAITH ASSEMBLY CHURCH

In Visa Petition Proceedings

A-26759846

*Decided by Commissioner June 19, 1986*

(1) An alien classifiable as a special immigrant pursuant to section 101(a)(27)(C)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(27)(C)(i) (1982), may not be accorded Schedule A, Group III labor certification.

(2) Any minister, who for the previous 2 years has been or will be engaged in part-time ministerial employment involving more than 50 percent of his or her working time, may qualify for Schedule A, Group III labor certification but is precluded from special immigrant classification, which requires the minister to have been and intend to be engaged solely as a minister of a religious denomination.

ON BEHALF OF PETITIONER: Ronald E. Rezac, Esquire
Rezac & Stroud
601 S. Westmoreland Avenue, 2nd Floor
Los Angeles, California 90005

The visa petition, seeking sixth-preference immigrant status on behalf of the beneficiary, was denied by the district director, Los Angeles, California, and is now before the Commissioner on appeal. The appeal will be dismissed.

The petitioner in this matter is a church which proposes to employ the beneficiary as a missionary. The beneficiary, an ordained minister presently serving as a pastor, resides in Seoul, Korea. The petitioner seeks to accord the beneficiary classification pursuant to section 203(a)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(6) (1982), and claims eligibility for blanket labor certification pursuant to 20 C.F.R. § 656.10(c)(1986), commonly referred to as Schedule A, Group III.

The district director concluded that the duties of the proposed employment were virtually the same as those normally associated with the occupation of minister. He noted that the Secretary of Labor specifically precluded ministers from Schedule A, Group III classification and denied the petition accordingly.

On appeal, counsel for the petitioner argues that the duties of "missionary" and those of "minister" are distinct and different. Counsel cites the Department of Labor's *Dictionary of Occupational Titles*, which does not separately list the two occupations but discusses certain duties peculiar to missionaries.

The issues to be resolved are whether the proposed employment is properly classified as that of a minister of religion and whether such employment is excluded from Schedule A, Group III. To decide these issues, analysis of the definition of the term "minister" and relevant Department of Labor regulations and instructions is required.

Although the term "minister" is not defined in the Act, 22 C.F.R. § 42.25(b) (1986) states the following:

> The term "minister", as used in section 101(a)(27)(C) of the Act, means a person duly authorized by a recognized religious denomination having a bona fide organization in the United States to conduct religious worship, and to perform other duties usually performed by a regularly ordained pastor or clergyman of such denomination. The term shall not include a lay preacher not authorized to perform the duties usually performed by a regularly ordained pastor or clergyman of the denomination of which he is a member, and shall not include a nun, lay brother, or cantor.

The Department of Labor's *Technical Assistance Guide No. 656—Labor Certifications* (1981) ("*TAG*") states at page 10: "Ministers, rabbis, and priests may enter the United States without labor certification if they meet the criteria in Section 101(a)(27)(C)(i) of the Immigration and Nationality Act. Therefore, they are not included in paragraph (1) of Group III."

Section 101(a)(27)(C)(i) of the Act, 8 U.S.C. § 1101(a)(27)(C)(i), provides for admission as a special immigrant of

> an immigrant who continuously for at least 2 years immediately preceding the time of his application for admission to the United States has been, and who seeks to enter the United States, solely for the purpose of carrying on the vocation of minister of a religious denomination, and whose services are needed by such religious denomination having a bona fide organization in the United States.

The record indicates the beneficiary has been employed as a minister and evangelist for approximately 18 years prior to this application. The job offer requires that the beneficiary possess a bachelor's degree in theology and either 10 years' experience as a minister/pastor or 5 years in a related occupation. The duties of the proposed position are described, in full, as follows:

> To conduct worship services. To preach the gospel and instruct members of the congregation and prospective converts in the tenets of our religion. To perform wedding, baptismal and death services. To supervise religious educational classes. To counsel those in spiritual need, including the bereaved. To carry the word of God beyond the confines of the church into the community. To provide moral guidance to his flock.

The petitioning organization is predominantly involved in tending to the spiritual needs of the members of its congregation. There is no evidence the duties of the position at issue could be, or have in the past been, performed by other than a minister. Further, the record contains no evidence the beneficiary has performed, in the recent past, or will perform duties which are other than ministerial. We conclude, therefore, that the proposed employment falls within the purview of section 101(a)(27)(C)(i) of the Act and that the beneficiary possesses the requisite experience for such classification.

Having found the beneficiary eligible for classification as a special immigrant, we conclude that the beneficiary is ineligible for Schedule A, Group III labor certification based on the Department of Labor's interpretation of its regulations.

We note, however, that the district director's decision would preclude all ministers from eligibility for Schedule A, Group III labor certification. This is not correct. The *TAG*, at page 12, states in part regarding Schedule A, Group III:

> The work experience must have been continuous and the alien's primary employment (over 50 percent). Intended employment in the United States must be more than 50 percent of the alien's working time.

Any minister, who for the previous 2 years has been or will be engaged in part-time ministerial employment involving more than 50 percent of his or her working time, may qualify for Schedule A, Group III labor certification but is precluded from special immigrant classification, which requires the minister to have been and intend to be engaged solely as a minister of a religious denomination.

**ORDER:** The appeal is dismissed.